Fulton County Superior Court
***EFILED***WW
Date: 11/16/2015 4:14:02 PM
Cathelene Robinson, Clerk

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

OSWALD THOMPSON, JR.,
individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
FULTON COUNTY, GEORGIA, and
JOHN DOE DEFENDANTS,

      Defendants.

CIVIL ACTION
FILE NO.   2015CV268206

## CLASS ACTION COMPLAINT
## FOR MONEY DAMAGES

This is an action for money damages and injunctive relief brought by
Plaintiff Oswald Thompson, Jr., on his own behalf and on behalf of the class
defined below pursuant to O.C.G.A. §§ 51-7-1 and 51-7-20, against Defendant
Sheriff Theodore Jackson and John Doe Defendants for the false arrest
and/or false imprisonment of inmates at the Fulton County Jail in November
of 2014.

Oswald Thompson, Jr., and the class Plaintiffs were overdetained at
the Fulton County Jail – held beyond the time at which the basis for their
detention had expired – when the Georgia Crime Information Center
("GCIC") system became inoperable, preventing jail employees from running

-1-

routine checks for warrants, holds, and detainers before releasing the inmates.  Rather than releasing the inmates when the inmates had the right to be released, Defendants held the inmates until the GCIC system could be accessed, overdetaining inmates for several days.  These overdetentions occurred without justification, in violation of Defendants' ministerial duties to release the inmates once the bases for their detentions had expired.

## Parties, Jurisdiction, and Venue

1.      Oswald Thompson, Jr., is a natural person and citizen of the United States of America, residing in Fulton County, Georgia, and is of full age.

2.      This is an action brought by Oswald Thompson, Jr., on his own behalf and on behalf of a class of individuals who were injured by Defendant Jackson and John Joe Defendant's conduct in overdetaining these individuals in November of 2014.

3.      Defendant Jackson is an individual who was, at all times relevant to the allegations in this complaint, Sheriff of the Fulton County Sheriff's Office, acting under color of law.

4.      John Doe Defendants are individuals who were, at all times relevant to the allegations in this complaint, employees of the Fulton

County Sheriff's Office, employed in the Fulton County Jail, acting under color of law.

5.      All of the parties herein are subject to the personal jurisdiction of this Court and venue is proper in Fulton County.

## Class Action Allegations

6.      Oswald Thompson, Jr., brings this action under O.C.G.A. § 9-11-23 on behalf of a class consisting of such persons who, in November of 2014, were incarcerated at the Fulton County Jail and who were overdetained.  To "overdetain" means to hold an inmate in the Fulton County Jail past the time at which the basis for the inmate's detention has expired absent justification for the inmate's continued detention. Examples of situations in which the basis for the individual's detention has expired include but are not limited to: (a) tender and acceptance of bail and/or bond; (b) receipt of court order indicating that the individual is to be released on his or her own reconnaissance; (c) expiration of and/or completion of the individual's sentence; (d) dismissal/*nolle prosequi* of the charges that serve as the basis for the detention; and (e) quashing of the indictment that serves as the basis for the detention.

7.      Certification of a class under O.C.G.A. §§ 9-11-23(a) and 23(b)(2) is appropriate because Defendants acted on grounds generally

applicable to the class when they overdetained every member of the

class, thereby making appropriate final declaratory relief with respect

to the class as a whole.

8.      Certification of a class under O.C.G.A. §§ 9-11-23(a) and 23(b)(3)

is appropriate because questions of law and fact common to the

members of the class predominate over any questions affecting only

individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

Among the questions of law and fact common to the class are:

      a. Whether Defendants have a ministerial duty to release an inmate

         once the basis for the inmate's detention has expired absent

         justification for the continued detention.  Examples of situations

         in which the basis for the individual's detention has expired

         include but are not limited to: (a) tender and acceptance of bail

         and/or bond; (b) receipt of court order indicating that the

         individual is to be released on his or her own reconnaissance; (c)

         expiration of and/or completion of the individual's sentence; (d)

         dismissal/*nolle prosequi* of the charges that serve as the basis for

         the detention; and (e) quashing of the indictment that serves as

         the basis for the detention;

b.  Whether Defendants were justified in failing to release class

members due to the Georgia Crime Information Center ("GCIC")

system being inoperable at the Fulton County Jail;

c.  Whether Defendant Jackson's actions as alleged herein violate

O.C.G.A. §§ 51-7-1 or 51-7-20;

d.  Whether the class members have sustained damages and, if so,

the proper measure of such damages;

e.  Whether Defendant Jackson is entitled to official immunity; and

f.  Whether John Doe Defendants are entitled to official immunity.

9.      The class is so numerous that joinder of all members is

impracticable.  The exact number of class members is unknown at this

time but is believed to number more than 100.

10.      Defendants and the Fulton County Jail have within their records

the names and addresses of all class members in the Fulton County

Jail computer systems and physical files.

11.      Defendants and the Fulton County Jail have within the Fulton

County Jail computer systems and physical files the documents

showing precisely when the Fulton County Jail received notice that

each class member was to be released (showing time of payment of bail

and/or bond, showing time of court order indicating that the inmate is

to be released on his or her own reconnaissance, showing time of court order that the inmate has completed his or her sentence, or showing time of other notice that the basis for the inmate's detention has expired), and showing precisely when the class members were actually released.  These records will show the precise amount of overdetention of each class member – i.e. how many hours each class member was overdetained.  These records will be relevant to determining liability, and in determining damages on a class-wide basis.

12.     Oswald Thompson, Jr.'s claims are typical of the claims of the other members of the class because Oswald Thompson, Jr. and the other members of the class were injured by exactly the same means: by Defendant Jackson's decision to overdetain inmates while the GCIC system was inoperable at the Fulton County Jail.

13.     Oswald Thompson, Jr. will fairly and adequately protect the interest of the members of the class.  Oswald Thompson, Jr. has retained counsel who is competent and experienced in prisoners rights litigation.

14.     Oswald Thompson, Jr. has no interests that are contrary to, or in conflict with, those of the class.

15.     Oswald Thompson, Jr. knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. This class action is superior to any other available means to resolve the issues raised on behalf of class. This class action will be manageable because record systems at the Fulton County Jail exist which will allow identification of members of the class, and damages can be ascertained on a class-wide basis using a damages matrix established by a jury or by trying the damages of a statistically valid sample of the class to a jury and extrapolating the damages to the class as a whole.

### Factual Allegations

16.     On 10 or more days in November of 2014, the GCIC system became inoperable at the Fulton County Jail.

17.     On information and belief, the GCIC system became inoperable at the Fulton County Jail in November of 2014 because the Fulton County Jail's computer system had not been properly updated.

18.     The written policy of the Fulton County Jail in effect in November of 2014 requires that, as part of the Fulton County Jail's release procedures, inmates who are to be released must be run

through the GCIC system to check for active warrants, detainers, or holds.

19.     This policy of the Fulton County Jail is not required by any state or federal law, rule, or regulation, other than the written policy of the Fulton County Jail.

20.     Defendant Jackson, as the Fulton County Sheriff and the official jailer of the Fulton County Jail, has the authority to waive this policy and to release an inmate without running the inmate through the GCIC system.

21.     In November of 2014 Defendant Jackson did, on at least one occasion, waive this policy and release inmates without running the inmates through the GCIC system.

22.     On several days in November of 2014, many inmates – including Oswald Thompson, Jr. and all class members – were overdetained.

23.     For example, Oswald Thompson, Jr. was booked in and committed to the Fulton County Jail on November 13, 2014 for the offense of Speeding.

24.     Oswald Thompson, Jr. was soon thereafter issued a bond which was paid on November 14, 2014 by an Atlanta-based bonding company/surety, and accepted by the Fulton County jail.

25.     Despite the fact that Oswald Thompson, Jr. had posted bond on November 14, 2014, the Fulton County Jail would not release him due to the GCIC system inoperability. Oswald Thompson, Jr. remained in the Fulton County Jail until he was released on November 19, 2014 at approximately 9:38 a.m. subsequent to judicial order and *nolle prosequi* of the charge for which he was arrested.

26.     Oswald Thompson, Jr. was therefore overdetained for approximately 106 hours.

27.     Oswald Thompson, Jr.'s overdetention was unlawful because there was no legal justification for his overdetention.

28.     Defendant Jackson was personally aware that these overdetentions were occurring.

29.     John Doe Defendants are involved in the process of calculating release times and/or processing inmate releases at the Fulton County Jail.

30.     John Doe Defendants, including without limitation any Fulton County Sheriff's Office employee working at the Release Office of the Fulton County Jail in November of 2014, were personally aware that these overdetentions were occurring.

31.     Despite knowing that these overdetentions were occurring, Defendant Jackson did not release these inmates.

32.     Despite knowing that these overdetentions were occurring, John Doe Defendants did not release these inmates.

33.     Despite knowing that these overdetentions were occurring, Defendant Jackson specifically failed to release Oswald Thompson, Jr. and class members.

34.     Despite knowing that these overdetentions were occurring, John Doe Defendants specifically failed to release Oswald Thompson, Jr. and class members.

35.     Oswald Thompson, Jr. and each class member were run through the GCIC system upon being booked into the jail.  Defendants knew, therefore, whether every member of the class had warrants, holds, or detainers at the time the inmate was booked into the Fulton County Jail.

36.     Defendant Jackson and John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate when the basis for the individual's detention has expired, absent justification for continued detention.

37.     Defendant Jackson and John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon tender and acceptance of bail and/or bond.

38.     Defendant Jackson and John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon receiving notice of a court order indicating that the inmate is to be released on his or her own reconnaissance.

39.     Defendant Jackson and John Doe Defendants have a ministerial duty to compute the time remaining on an inmate's custodial sentence.

40.     Defendant Jackson and John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon completion of the inmate's sentence.

41.     O.C.G.A. § 42-4-7 requires, "An inmate sentenced to confinement as a county inmate shall be released at the expiration of his or her sentence less the time deducted for earned time allowances."

42.     O.C.G.A. § 17-6-1(j) requires, "For all persons who have been authorized by law or the court to be released on bail, sheriffs and constables shall accept such bail; provided, however, that the sureties tendered and offered on the bond are approved by the sheriff of the county in which the offense was committed."

43.     O.C.G.A. § 17-6-15(b)(1) requires, "No person shall be imprisoned under a felony commitment when bail has been fixed, if the person tenders and offers to give bond in the amount fixed, with sureties acceptable to the sheriff of the county in which the alleged offense occurred…."

44.     O.C.G.A. § 17-6-1(f)(1) requires, "Except as provided in subsection (a) of this Code section or as otherwise provided in this subsection, the judge of any court of inquiry may by written order establish a schedule of bails and unless otherwise ordered by the judge of any court, a person charged with committing any offense shall be released from custody upon posting bail as fixed in the schedule."

45.     O.C.G.A.  § 42-4-7(a) requires, "The sheriff shall keep a record of all persons committed to the jail of the county of which he or she is sheriff. This record shall contain the name of the person committed, such person's age, sex, race, under what process such person was committed and from what court the process issued, the crime with which the person was charged, the date of such person's commitment to jail, the day of such person's discharge, under what order such person was discharged, and the court from which the order issued."

46.     As a direct and proximate result of Defendants' failure to release Oswald Thompson, Jr. and class members when the bases for their detention had expired, Oswald Thompson, Jr. and class members' state law rights were violated.  Oswald Thompson, Jr. and class members suffered the loss of freedom, anxiety, and other general and special damages as a result of overdetention.

## Count I
## False Arrest and False Imprisonment (Defendant Jackson)

47.     Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth.

48.     At all times relevant hereto, Defendant Jackson was the Sheriff of Fulton County and official jailer of Fulton County and the Fulton County Jail.

49.     In his capacity as Sheriff of Fulton County and official jailer of Fulton County and the Fulton County Jail, Defendant Jackson is charged with ensuring the release of Fulton County Jail inmates upon receiving notice that an inmate was to be released.

50.     Defendant Jackson has a ministerial duty to release a Fulton County Jail inmate when the basis for detention has expired.

51.     Defendant Jackson has a ministerial duty to release a Fulton County Jail inmate upon tender and acceptance of bail and/or bond.

52.     Defendant Jackson has a ministerial duty to release a Fulton County Jail inmate upon the Fulton County Jail's receipt of court order indicating that the inmate is to be released on his or her own reconnaissance.

53.     Defendant Jackson has a ministerial duty to release a Fulton County Jail inmate upon completion of the inmate's sentence.

54.     Defendant Jackson has a ministerial duty to release a Fulton County Jail inmate upon receiving notice that the charges and/or prosecution of the inmate have been dismissed, a *nolle prosequi* order has been entered, or the inmate's indictment has been quashed.

55.     Defendant Jackson deliberately failed to implement and enforce procedures needed to ensure the timely release of inmates.

56.     Defendant Jackson knew that Fulton County Jail inmates were being overdetained as a result of the GCIC system becoming inoperable at the Fulton County Jail, and he took no action to stop these overdetentions.

57.     Defendant Jackson's failure to implement and enforce procedures needed to ensure the timely release of inmates, and his deliberate

-14-

failure to ensure that Oswald Thompson, Jr. and class members were released in a timely manner, caused the overdetention of Oswald Thompson, Jr. and class members.

58.     As a result of the said deliberate acts and negligence of Defendant Jackson, Oswald Thompson, Jr. and class members suffered the injuries described in this Complaint – loss of freedom, anxiety, and other general and special damages.

## Count II
## False Arrest and False Imprisonment (John Doe Defendants)

59.     Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

60.     At all times relevant hereto, John Doe Defendants were employees of the Fulton County Sheriff's Office, employed in the Fulton County Jail.

61.     John Doe Defendants include without limitation any Fulton County Sheriff's Office employee working at the Release Office of the Fulton County Jail in November 2014

62.     John Doe Defendants are involved in the process of calculating release times and/or processing inmate releases at the Fulton County Jail.

63.     John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate when the basis for detention has expired.

64.     John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon tender and acceptance of bail and/or bond.

65.     John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon the Fulton County Jail's receipt of court order indicating that the inmate is to be released on his or her own reconnaissance.

66.     John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon completion of the inmate's sentence.

67.     John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon receiving notice that the charges and/or prosecution of the inmate have been dismissed, a *nolle prosequi* order has been entered, or the inmate's indictment has been quashed.

68.     John Doe Defendants knew that Fulton County Jail inmates were being overdetained as a result of the GCIC system becoming inoperable at the Fulton County Jail, and he took no action to stop these overdetentions.

69.     John Doe Defendants' failure to ensure the timely release of inmates, and their deliberate failure to ensure that Oswald Thompson,

-16-

Jr. and class members were released in a timely manner, caused the overdetention of Oswald Thompson, Jr. and class members.

70.     As a result of the said deliberate acts and negligence of John Doe Defendants, Oswald Thompson, Jr. and class members suffered the injuries described in this Complaint – loss of freedom, anxiety, and other general and special damages.

## **Prayer For Relief**

WHEREFORE, Oswald Thompson, Jr. prays that this Court issue the following relief:

1) That process issue in accordance with the law;

2) That the Court grant a jury trial on all claims so triable;

3) That the Court declare that this action may be maintained as a class action pursuant to O.C.G.A. § 9-11-23 and certifying Oswald Thompson, Jr. as the proper representative of the class consisting of each person who was overdetained at the Fulton County Jail in November of 2014;

4) Name Jessica Stern, Mark Begnaud, and Nathan Horsley as class counsel for all classes.  All three attorneys are members of the bar of Georgia and are in good standing;

5) Award Oswald Thompson, Jr. and all class members compensatory and consequential damages in an amount to be determined; and

6) Grant such other relief as the Court deems proper, including injunctive relief.

This 13th Day of November, 2015.

**STERN LAW, LLC**

/s/ Jessica Stern

_____

Jessica Stern
Georgia Bar No. 107308
Jessica@sternlawfirm.us

1100 Spring Street, NW
Suite 460
Atlanta, GA 30309
404-990-4112
404-990-4936 (f)

**HORSLEY BEGNAUD, LLC**

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@gacivilrights.com
Nathanael A. Horsley
Georgia Bar No. 367832
nhorsley@gacivilrights.com

750 Hammond Drive,
Building 12, Suite 300
Atlanta, Ga 30328
770-765-5559