Fulton County Superior Court
***EFILED***TMM
Date: 10/14/2016 11:51:39 AM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| OSWALD THOMPSON, JR., individually and on behalf of all others similarly situated, JOSEPH SINGLETON, individually and on behalf of all others similarly situated, DAEJA MITCHELL, individually and on behalf of all others similarly situated, BRIDGET MACHOVEC, individually and on behalf of all others similarly situated, OLUSEUS ADENIYI OSHINOWO, individually and on behalf of all others similarly situated, DARRION TRIPP, individually and on behalf of all others similarly situated, TOMMIE DOUGLAS, individually and on behalf of all others similarly situated, STERLING PALMER, individually and on behalf of all others similarly situated, TWAN TRAMMELL, individually and on behalf of all others similarly situated, and DONNA WRIGHT, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. 2015CV268206 |
| Plaintiffs, v. | |
| SHERIFF THEODORE JACKSON, CHIEF MARK ADGER, and JOHN DOE DEFENDANTS, | |
| Defendants. | |

1

## THIRD AMENDED CLASS ACTION COMPLAINT

This is an action for money damages and injunctive relief brought by ten named plaintiffs on their own behalf and on behalf of the class defined below pursuant to Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and Georgia laws governing negligence, false imprisonment, and false arrest (such as O.C.G.A. §§ 51-1-2, 51-7-1, and 51-7-20), against Defendants Sheriff Theodore Jackson and Chief Mark Adger, along with John Doe Defendants for the overdetention, false arrest, and/or false imprisonment of inmates at the Fulton County Jail in November of 2014.

The named Plaintiffs and the class Plaintiffs were overdetained at the Fulton County Jail – held beyond the time at which the basis for their detention had expired – when the Georgia Crime Information Center ("GCIC") system became inoperable, preventing jail employees from running routine checks for warrants, holds, and detainers before releasing the inmates. Rather than releasing the inmates when the inmates had the right to be released, Defendants held the inmates until the GCIC system could be accessed, overdetaining inmates for several days. These overdetentions occurred without justification, in violation of Defendants' ministerial duties

2

to release the inmates once the bases for their detentions had expired, and with deliberate indifference to the constitutional rights of the inmates.

Plaintiffs' Second Amended Complaint included only a single named Plaintiff, Oswald Thompson, and a single identified Defendant, Sheriff Theodore Jackson.  This Third Amended Complaint adds six plaintiffs and Defendant Chief Mark Adger, and it includes some minor revisions to the allegations based on discovery.

## **Parties, Jurisdiction, and Venue**

1.      Oswald Thompson, Jr., is a natural person and citizen of the United States of America, residing in Fulton County, Georgia, and is of full age.

2.      This is an action brought by Oswald Thompson, Jr., on his own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

3.      Joseph Singleton is a natural person and citizen of the United States of America, and is of full age.

4.      This is an action brought by Joseph Singleton on his own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

5.      Daeja Mitchell is a natural person and citizen of the United States of America, and is of full age.

6.      This is an action brought by Daeja Mitchell, on her own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

7.      Bridget Machovec is a natural person and citizen of the United States of America, and is of full age.

8.      This is an action brought by Bridget Machovec on her own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

9.      Oluseus Adeniyi Oshinowo is a natural person and citizen of the United States of America, and is of full age.

10.     This is an action brought by Oluseus Adeniyi Oshinowo on his own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

11.     Darrion Tripp is a natural person and citizen of the United States of America, and is of full age.

12.     This is an action brought by Darrion Tripp on his own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

13.     Tommie Douglas is a natural person and citizen of the United States of America, and is of full age.

14.     This is an action brought by Tommie Douglas on her own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

15.     Sterling Palmer is a natural person and citizen of the United States of America, and is of full age.

16.     This is an action brought by Sterling Palmer on his own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

17.     Twan Trammell is a natural person and citizen of the United States of America, and is of full age.

18.     This is an action brought by Twan Trammell on his own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

19.     Donna Wright is a natural person and citizen of the United States of America, and is of full age.

20.     This is an action brought by Donna Wright on her own behalf and on behalf of a class of individuals who were injured by Defendants' conduct in overdetaining these individuals in November of 2014.

21.     Defendant Sheriff Theodore Jackson ("Defendant Jackson") is an individual who was, at all times relevant to the allegations in this complaint, Sheriff of the Fulton County Sheriff's Office, acting under color of law.

22.     Defendant Chief Mark Adger ("Defendant Adger") is an individual who was, at all times relevant to the allegations in this complaint, Chief Jailer of the Fulton County Jail, holding the rank of Colonel with the Fulton County Sheriff's Office, acting under color of law.

23.     John Doe Defendants are individuals who were, at all times relevant to the allegations in this complaint, employees of the Fulton County Sheriff's Office, employed in the Fulton County Jail, acting under color of law (Defendant Jackson, Defendant Adger, and John Doe Defendants are hereinafter "Defendants").

24.     All of the parties herein are subject to the personal jurisdiction of this Court and venue is proper in Fulton County.

## Class Action Allegations

25.     Oswald Thompson, Jr., Joesph Singleton, Daeja Mitchell, Bridget
Machovec, Oluseun Adeniyi Oshinowo, Darrion Tripp, Tommie
Douglas, Sterling Palmer, Twan Trammell, and Donna Wright
(hereinafter "Named Plaintiffs") bring this action under Section 1983 of
the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth,
Eighth, and Fourteenth Amendments to the U.S. Constitution, and
O.C.G.A. § 9-11-23 on behalf of a class consisting of such persons who,
in November of 2014, were incarcerated at the Fulton County Jail and
who were overdetained (the "Class Plaintiffs").  To "overdetain" means
to hold an inmate in the Fulton County Jail past the time at which the
basis for the inmate's detention has expired absent justification for the
inmate's continued detention.  Examples of situations in which the
basis for the individual's detention has expired include but are not
limited to: (a) tender and acceptance of bail and/or bond; (b) receipt of
court order indicating that the individual is to be released on his or her
own reconnaissance; (c) expiration of and/or completion of the
individual's sentence; (d) dismissal/*nolle prosequi* of the charges that
serve as the basis for the detention; and (e) quashing of the indictment
that serves as the basis for the detention.

26.     Certification of a class under O.C.G.A. § 9-11-23(a) is appropriate

because Defendants acted on grounds generally applicable to the class

when they overdetained every member of the class, thereby making

appropriate final declaratory relief with respect to the class as a whole.

27.     Certification of a class under O.C.G.A. § 9-11-23(b)(3) is

appropriate because questions of law and fact common to Class

Plaintiffs predominate over any questions affecting only individual

members, and a class action is superior to other available methods for

the fair and efficient adjudication of the controversy.  Among the

questions of law and fact common to the class are:

   a. Whether Defendants have a ministerial duty to release an inmate

      once the basis for the inmate's detention has expired absent

      justification for the continued detention.  Examples of situations

      in which the basis for the individual's detention has expired

      include but are not limited to: (a) tender and acceptance of bail

      and/or bond; (b) receipt of court order indicating that the

      individual is to be released on his or her own reconnaissance; (c)

      expiration of and/or completion of the individual's sentence; (d)

      dismissal/*nolle prosequi* of the charges that serve as the basis for

the detention; and (e) quashing of the indictment that serves as the basis for the detention;

b. Whether Defendants were justified in failing to release Class Plaintiffs due to the Georgia Crime Information Center ("GCIC") system being inoperable at the Fulton County Jail;

c. Whether Defendant Jackson's and/or Defendant Adger's actions as alleged herein violate O.C.G.A. §§ 51-7-1 or 51-7-20;

d. Whether Defendants were deliberately indifferent to the rights of Class Plaintiffs who were overdetained and whether Defendants have therefore violated the U.S. Constitution by overdetaining these inmates;

e. Whether the U.S. Constitution establishes a bright line, maximum length of time measured in hours beyond which Defendants cannot hold a person in custody after a judge has ordered release or the person has posted bail and/or bond, or the reason for the person's detention has otherwise expired;

f. Whether Class Plaintiffs have sustained damages and, if so, the proper measure of such damages;

g. Whether Defendant Jackson is entitled to official immunity;

h. Whether Defendant Adger is entitled to qualified immunity; and

      i.  Whether John Doe Defendants are entitled to official immunity.

28.     The class is so numerous that joinder of all members is impracticable.  The exact number of class members is unknown at this time but is believed to number more than 100.

29.     Defendants and the Fulton County Jail have within their records the names and addresses of all Class Plaintiffs in the Fulton County Jail computer systems and physical files.

30.     Defendants and the Fulton County Jail have within the Fulton County Jail computer systems and physical files the documents showing precisely when the Fulton County Jail received notice that each Class Plaintiff was to be released (showing time of payment of bail and/or bond, showing time of court order indicating that the inmate is to be released on his or her own reconnaissance, showing time of court order that the inmate has completed his or her sentence, or showing time of other notice that the basis for the inmate's detention has expired), and showing precisely when the Class Plaintiffs were actually released.  These records will show the precise amount of overdetention of each Class Plaintiff – i.e. how many hours each class member was overdetained.  These records will be relevant to determining liability, and in determining damages on a class-wide basis.

31.     Named Plaintiffs' claims are typical of the claims of Class

Plaintiffs because Named Plaintiffs and Class Plaintiffs were injured

by exactly the same means: by Defendants' decision to overdetain

inmates while the GCIC system was inoperable at the Fulton County

Jail.

32.     Named Plaintiffs will fairly and adequately protect the interest of

Class Plaintiffs.  Named Plaintiffs have retained counsel who are

competent and experienced in prisoners' rights litigation.

33.     Named Plaintiffs have no interests that are contrary to, or in

conflict with, Class Plaintiffs.

34.     Named Plaintiffs know of no difficulty that will be encountered in

the management of this litigation that would preclude its maintenance

as a class action. This class action is superior to any other available

means to resolve the issues raised on behalf of class.  This class action

will be manageable because record systems at the Fulton County Jail

exist which will allow identification of Class Plaintiffs, and damages

can be ascertained on a class-wide basis using a damages matrix

established by a jury or by trying the damages of a statistically valid

sample of the class to a jury and extrapolating the damages to the class

as a whole.

## Factual Allegations

### GCIC Inoperability and Jail Release Policies

35.     On 10 or more days in November of 2014, the GCIC system became inoperable at the Fulton County Jail.

36.     On information and belief, the GCIC system became inoperable at the Fulton County Jail in November of 2014 because the Fulton County Jail's computer system had not been properly updated.

37.     The written policy of the Fulton County Jail in effect in November of 2014 requires that, as part of the Fulton County Jail's release procedures, inmates who are to be released must be run through the GCIC system to check for active warrants, detainers, or holds.

38.     This policy of the Fulton County Jail is not required by any state or federal law, rule, or regulation, other than the written policy of the Fulton County Jail.

39.     Defendant Jackson, as the Fulton County Sheriff and the official jailer of the Fulton County Jail, has the authority to waive this policy and to release an inmate without running the inmate through the GCIC system.

12

40.     Defendant Adger, as Chief Jailer of the Fulton County Jail, has the authority to waive this policy and to release an inmate without running the inmate through the GCIC system.

41.     Prior to November of 2014, the GCIC system became inoperable at the Fulton County Jail on at least three separate occasions for durations of one to four days.

42.     As a result of these GCIC outages, Defendant Adger enacted a directive directing employees of the Fulton County Jail to release inmates during prolonged GCIC outages if the inmates met certain criteria (e.g., if the inmate had been booked into the jail within 48 hours of GCIC becoming inaccessible).

43.     In November of 2014, Defendants Jackson and Adger did, on at least one occasion, waive this policy and release inmates without running the inmates through the GCIC system.

<u>Named Plaintiffs' Overdetentions</u>

44.     On several days in November of 2014, many inmates – including all Named Plaintiffs and all Class Plaintiffs – were overdetained and/or falsely imprisoned.

45.    For example, Plaintiff Oswald Thompson, Jr. was booked in and committed to the Fulton County Jail on November 13, 2014 for the offense of Speeding.

46.    Plaintiff Thompson was soon thereafter issued a bond which was paid on November 14, 2014, by an Atlanta-based bonding company/surety and accepted by the Fulton County Jail.

47.    Despite the fact that Plaintiff Thompson had posted bond on November 14, 2014, the Fulton County Jail would not release him due to the GCIC system inoperability. Plaintiff Thompson remained in the Fulton County Jail until he was released on November 19, 2014 at approximately 9:38 a.m. subsequent to further judicial order and *nolle prosequi* of the charge for which he was arrested.

48.    Plaintiff Thompson was therefore overdetained and/or falsely imprisoned for approximately 106 hours.

49.    Plaintiff Joseph Singleton was booked in and committed to the Fulton County Jail on November 13, 2014 for the offenses of Simple Battery and Cruelty to Children in the 3rd Degree.

50.    Plaintiff Singleton was soon thereafter issued a bond which was paid on or about November 13, 2014 by an Atlanta-based bonding company/surety and accepted by the Fulton County Jail.

51.     Despite the fact that Plaintiff Singleton had posted bond on or about November 14, 2014, the Fulton County Jail would not release him due to the GCIC system inoperability. Plaintiff Singleton remained in the Fulton County Jail until he was released on November 17, 2014.

52.     Plaintiff Singleton was therefore overdetained and/or falsely imprisoned for approximately four days.

53.     Plaintiff Daeja Mitchell was booked in and committed to the Fulton County Jail on November 18, 2014 for the offenses of Obstruction, Expired License, Driving with Suspended License, Failing to Maintain Lane, Reckless Driving, and Hit-and-Run.

54.     Plaintiff Mitchell was soon thereafter issued a signature bond on November 18, 2014, through pre-trial services, whereby she signed the paperwork and promised to follow all pre-trial release conditions.

55.     Plaintiff Mitchell was also issued a bond which was paid on or about November 18, 2014, by an Atlanta-based bonding company/surety and accepted by the Fulton County Jail.

56.     Despite the fact that Plaintiff Mitchell had posted bond on or about November 18, 2014, the Fulton County Jail would not release her due to the GCIC system inoperability. Plaintiff Mitchell remained in the Fulton County Jail until she was released on November 22, 2014.

15

57.     Plaintiff Mitchell was therefore overdetained and/or falsely imprisoned for approximately four days.

58.     Plaintiff Bridget Machovec was booked in and committed to the Fulton County Jail on November 15, 2014, for the offenses of Reckless Driving and Driving Under the Influence.

59.     Plaintiff Machovec was soon thereafter issued a signature bond on November 15, 2014, through pre-trial services, whereby she signed the paperwork and promised to follow all pre-trial release conditions.

60.     Plaintiff Machovec was also issued a bond which was paid on or about November 15, 2014, by an Atlanta-based bonding company/surety and accepted by the Fulton County Jail.

61.     Plaintiff Machovec reached out to her attorney, who sought assistance of the Court, which issued an Order on November 17, 2014, to release Plaintiff Machovec "regardless of 'system issues.'"

62.     Despite the fact that Plaintiff Machovec had posted bond on or about November 15, 2014, the Fulton County Jail would not release her due to the GCIC system inoperability. Plaintiff Machovec remained in the Fulton County Jail until she was released on November 18, 2014.

63.     Plaintiff Machovec was therefore overdetained and/or falsely imprisoned for approximately three days.

16

64.     Plaintiff Oluseun Adeniyi Oshinowo was booked in and committed to the Fulton County Jail on November 14, 2014 for two counts of Simple Battery.

65.     Plaintiff Oshinowo was soon thereafter issued a signature bond on November 14, 2014 through pre-trial services, whereby he signed the paperwork and promised to follow all pre-trial release conditions.

66.     Plaintiff Oshinowo reached out to his attorney, who sought assistance of the Court, which issued an Order on November 17, 2014, to release Plaintiff Oshinowo "regardless of 'system issues.'"

67.     Despite the fact that Plaintiff Oshinowo signed his bond paperwork on or about November 14, 2014, the Fulton County Jail would not release him due to the GCIC system inoperability. Plaintiff Oshinowo remained in the Fulton County Jail until he was released on November 17, 2014.

68.     Plaintiff Oshinowo was therefore overdetained and/or falsely imprisoned for approximately three days.

69.     Plaintiff Darrion Tripp was booked in and committed to the Fulton County Jail on September 6, 2014, for the offenses of Family Violence Battery (misdemeanor) and Cruelty to Children in the 1st Degree.

70.     Plaintiff Tripp was soon thereafter issued a bond which was paid
on or about November 15 or November 16, 2014, by an Atlanta-based
bonding company/surety and accepted by the Fulton County Jail.

71.     Despite the fact that Plaintiff Tripp had posted bond on or about
November 15 or November 16, 2014, the Fulton County Jail would not
release him due to the GCIC system inoperability. Plaintiff Tripp
remained in the Fulton County Jail until he was released on November
19, 2014.

72.     Plaintiff Tripp was therefore overdetained and/or falsely
imprisoned for approximately three or four days.

73.     Plaintiff Tommie Douglas was booked in and committed to the
Fulton County Jail on November 17, 2014, for the offenses of Criminal
Damage to Property 2nd Degree and Criminal Trespass.  At the time
Plaintiff Douglas went by the name Tommie Lorraine Blackerby;
Plaintiff Douglas has married since November 17, 2014, and changed
her last name to Douglas.

74.     Plaintiff Douglas was soon thereafter issued a signature bond on
November 17, 2014, through pre-trial services, whereby she signed the
paperwork and promised to follow all pre-trial release conditions.

75.     Despite the fact that Plaintiff Douglas signed her bond paperwork on or about November 17, 2014, the Fulton County Jail would not release her due to the GCIC system inoperability. Plaintiff Douglas remained in the Fulton County Jail until she was released on November 20, 2014.

76.     Plaintiff Douglas was therefore overdetained and/or falsely imprisoned for approximately three days.

77.     Plaintiff Sterling Palmer was booked in and committed to the Fulton County Jail on November 15, 2014, for the offense of misdemeanor Battery.

78.     Plaintiff Palmer was soon thereafter issued a signature bond on November 15, 2014, through pre-trial services, whereby he signed the paperwork and promised to follow all pre-trial release conditions.

79.     Despite the fact that Plaintiff Palmer signed his bond paperwork on or about November 15, 2014, the Fulton County Jail would not release him due to the GCIC system inoperability. Plaintiff Palmer remained in the Fulton County Jail until he was released on November 18, 2014.

80.     Plaintiff Palmer was therefore overdetained and/or falsely imprisoned for approximately three days.

81.     Plaintiff Twan Trammell was booked in and committed to the Fulton County Jail on November 17, 2014, for the offenses of Cruelty to Children in the 3rd degree and Battery.

82.     Plaintiff Trammell was soon thereafter issued a $5000 surety bond which was paid on November 17, 2014, by an Atlanta-based bonding company/surety and accepted by the Fulton County Jail.

83.     Despite the fact that Plaintiff Trammell's bond was paid on November 17, 2014, the Fulton County Jail would not release him due to the GCIC system inoperability. Plaintiff Trammell remained in the Fulton County Jail until he was released on November 20, 2014.

84.     Plaintiff Trammell was therefore overdetained and/or falsely imprisoned for approximately three days.

85.     Plaintiff Donna Wright was booked in and committed to the Fulton County Jail on November 17, 2014, for the offense of misdemeanor Shoplifting.

86.     Plaintiff Wright was soon thereafter issued a $2000 bond which was paid on November 17, 2014, by Atlanta-based bonding company/surety Jet Bonding Company and accepted by the Fulton County Jail.

87.     Despite the fact that Plaintiff Wright's bond was paid on

November 17, 2014, the Fulton County Jail would not release her due

to the GCIC system inoperability. Plaintiff Wright remained in the

Fulton County Jail until she was released on November 20, 2014.

88.     Plaintiff Wright was therefore overdetained and/or falsely

imprisoned for approximately three days.

<u>Illegality of Overdetentions</u>

89.     The overdetention and false imprisonment of Class Plaintiffs[1]

was unlawful because there was no legal justification for their

overdetentions and Defendants acted with deliberate indifference to

these overdetentions.

90.     It is the custom and practice at the jail, when a GCIC system

failure might lead to overdetentions, that the Chief Jailer would inform

the Sheriff of the potential overdetentions.

91.     It is the custom and practice at the jail that both the Sheriff and

the Chief Jailer would have the authority to address the treatment of

inmates when a GCIC system failure might lead to overdetentions.

---

[1] The term "Class Plaintiffs" includes Named Plaintiffs.

92.     These jail customs and practices have been confirmed with former and current jail employees.

93.     Consistently with the jail's custom and practice, Defendants Jackson and Adger directly participated in the overdetention of Class Plaintiffs.

94.     Consistently with the jail's custom and practice, Defendant Jackson instructed the Chief Jailer and/or other subordinates to overdetain Class Plaintiffs.

95.     Consistently with the jail's custom and practice, Defendant Adger instructed other subordinates to overdetain Class Plaintiffs.

96.     As Sheriff of Fulton County Defendant Jackson has a supervisory role at the Fulton County Jail.

97.     Defendant Jackson supervises the Chief Jailer, who in turn supervises all jail employees.

98.     Likewise, as Chief Jailer, Defendant Adger has a supervisory role at the Fulton County Jail.

99.     In his supervisory capacity, Defendant Jackson's actions were causally connected to Class Plaintiffs' overdetentions.

100.     In his supervisory capacity, Defendant Adger's actions were causally connected to Class Plaintiffs' overdetentions.

22

101.    In November of 2014, Defendants Jackson and Adger were aware
of previous GCIC system errors.

102.    In November of 2014, Defendants Jackson and Adger were aware
that a GCIC system error could lead to the overdetention of an inmate.

103.    By November of 2014, aware of the GCIC system failures and
aware that these failures could lead to overdetentions, Defendants
Jackson and Adger authorized their subordinates to overdetain inmates
during CGIC system failures.

104.    By November of 2014, aware of the GCIC system failures and
aware that these failures could lead to overdetentions, Defendants
Jackson and Adger knew that subordinates would refuse to timely
release inmates during GCIC failures, unlawfully, as they had done in
the past.

105.    Aware that subordinates would refuse to timely release inmates
during GCIC failures, Defendants Jackson and Adger did not act to
stop their subordinates from overdetaining inmates.

106.    Defendants Jackson and Adger were put on notice of the
widespread abuse related to overdetention through former lawsuits
(including without limitation *Powell et al. v. Barrett et al.*, Northern
District of Georgia, Civil Action Number 04-CV-01100-RWS and *Harper*

23

*et al. v. Fulton County et al.*, Northern District of Georgia, Civil Action Number 04-CV-1416-MHS), consent orders, and audits of the GCIC system operability.

107.    Aware of the history of widespread abuse related to overdetentions, Defendants Jackson and Adger knew that they needed to correct the practices leading to overdetentions but did not take any such action.

108.    John Doe Defendants are involved in the process of calculating release times and/or processing inmate releases at the Fulton County Jail.

109.    John Doe Defendants, including without limitation any Fulton County Sheriff's Office employee working at the Release Office of the Fulton County Jail in November of 2014, were personally aware that these overdetentions were occurring.

110.    There are particular employees of Defendant Jackson, John Doe Defendants, who are charged with the responsibility of all inmate release matters. These John Doe Defendants were aware of the overdetentions and acted with deliberate indifference when they continued to falsely detain Class Plaintiffs.

111.   There are particular employees of Defendant Jackson, John Doe Defendants, who are charged with the responsibility of all inmate release matters. These John Doe Defendants were aware of the overdetentions and acted in violation of their ministerial duties when they continued to falsely detain Class Plaintiffs.

112.   Defendant's employee provided a televised statement to the media regarding his knowledge of the overdetentions and/or false imprisonment and acknowledged the known existing problem with GCIC.

113.   Despite knowing that the false imprisonment was occurring, Defendants Jackson and Adger did not release these inmates.

114.   Despite knowing that the false imprisonment was occurring, John Doe Defendants did not release these inmates.

115.   Despite knowing that the false imprisonment was occurring, Defendants Jackson and Adger specifically failed to release Class Plaintiffs.

116.   Despite knowing that the false imprisonment was occurring, John Doe Defendants specifically failed to release Class Plaintiffs.

117.   Despite knowing that the false imprisonment was occurring, Defendants failed to take any corrective action to ensure that Class

Plaintiffs were released when the reasons for their respective incarcerations had terminated.

118.    Class Plaintiffs were run through the GCIC system upon being booked into the jail.  Defendants knew, therefore, whether every member of the class had warrants, holds, or detainers at the time the inmate was booked into the Fulton County Jail.

119.    Defendants have a ministerial duty to release a Fulton County Jail inmate when the basis for the individual's detention has expired, absent justification for continued detention.

120.    Defendants have a ministerial duty to release a Fulton County Jail inmate upon tender and acceptance of bail and/or bond.

121.    Defendants have a ministerial duty to release a Fulton County Jail inmate upon receiving notice of a court order indicating that the inmate is to be released on his or her own reconnaissance.

122.    Defendants have a ministerial duty to compute the time remaining on an inmate's custodial sentence.

123.    Defendants have a ministerial duty to release a Fulton County Jail inmate upon completion of the inmate's sentence.

124.    O.C.G.A. § 42-4-7 requires, "An inmate sentenced to confinement as a county inmate shall be released at the expiration of his or her sentence less the time deducted for earned time allowances."

125.    O.C.G.A. § 17-6-1(j) requires, "For all persons who have been authorized by law or the court to be released on bail, sheriffs and constables shall accept such bail; provided, however, that the sureties tendered and offered on the bond are approved by the sheriff of the county in which the offense was committed."

126.    O.C.G.A. § 17-6-15(b)(1) requires, "No person shall be imprisoned under a felony commitment when bail has been fixed, if the person tenders and offers to give bond in the amount fixed, with sureties acceptable to the sheriff of the county in which the alleged offense occurred…."

127.    O.C.G.A. § 17-6-1(f)(1) requires, "Except as provided in subsection (a) of this Code section or as otherwise provided in this subsection, the judge of any court of inquiry may by written order establish a schedule of bails and unless otherwise ordered by the judge of any court, a person charged with committing any offense shall be released from custody upon posting bail as fixed in the schedule."

27

128.    O.C.G.A. § 42-4-7(a) requires, "The sheriff shall keep a record of all persons committed to the jail of the county of which he or she is sheriff. This record shall contain the name of the person committed, such person's age, sex, race, under what process such person was committed and from what court the process issued, the crime with which the person was charged, the date of such person's commitment to jail, the day of such person's discharge, under what order such person was discharged, and the court from which the order issued."

129.    As a direct and proximate result of Defendants' failure to release Class Plaintiffs when the bases for their detention had expired, Class Plaintiffs' state law rights were violated.  Class Plaintiffs suffered the loss of freedom, anxiety, and other general and special damages as a result of overdetention and/or false imprisonment.

130.    In addition, the moving force behind Class Plaintiffs' overdetentions was the deliberate indifference of Defendants to Class Plaintiffs' Due Process rights under the U.S. Constitution.

131.    Defendants had both actual and constructive knowledge that Class Plaintiffs were suffering constitutional injury by being overdetained and/or falsely imprisoned.

132.    Defendants engaged in a pattern of inaction in the face of
overdetentions at the Fulton County Jail, such overdetentions
representing violations of inmates' rights under the Fourth, Eighth,
and Fourteenth Amendments to the U.S. Constitution.

133.    Defendants' actions and pattern of inaction described herein
directly, proximately, and affirmatively caused the violations of the
Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution
suffered by Class Plaintiffs.

134.    Class Plaintiffs suffered the loss of freedom, anxiety, and other
general and special damages as a result of these violations of the
Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

## Count I
## State Law – Breach of Ministerial Duty through False Arrest, False Imprisonment, and/or Negligence (Defendants Jackson and Adger)

135.    The preceding paragraphs are incorporated herein by reference as
though fully set forth.

136.    At all times relevant hereto, Defendant Jackson was the Sheriff of
Fulton County and official jailer of Fulton County and the Fulton County
Jail.

137.    At all times relevant hereto, Defendant Adger was the Chief Jailer
of the Fulton County Jail.

138.    In his individual capacity as Fulton County Sheriff, Defendant
Jackson is charged with ensuring the release of Fulton County Jail
inmates upon receiving notice that an inmate was to be released – a
ministerial duty.

139.    In his individual capacity as Chief Jailer of the Fulton County Jail,
Defendant Adger is charged with ensuring the release of Fulton County
Jail inmates upon receiving notice that an inmate was to be released – a
ministerial duty.

140.    "A 'ministerial act' is commonly one that is simple, absolute, and
definite, arising under conditions admitted or proved to exist, and
requiring merely the execution of a specific duty." Austin v. Clark, 294
Ga. 773, 773 (2014) (internal citation omitted).

141.    Defendants Jackson and Adger have a ministerial duty to release
a Fulton County Jail inmate when the basis for detention has expired.

142.    Defendants Jackson and Adger have a ministerial duty to release
a Fulton County Jail inmate upon tender and acceptance of bail and/or
bond.

143.    Defendants Jackson and Adger have a ministerial duty to release
a Fulton County Jail inmate upon the Fulton County Jail's receipt of

court order indicating that the inmate is to be released on his or her own reconnaissance.

144.     Defendants Jackson and Adger have a ministerial duty to release a Fulton County Jail inmate upon completion of the inmate's sentence.

145.     Defendants Jackson and Adger have a ministerial duty to release a Fulton County Jail inmate upon receiving notice that the charges and/or prosecution of the inmate have been dismissed, a *nolle prosequi* order has been entered, or the inmate's indictment has been quashed.

146.     Defendants Jackson and Adger have deliberately and/or negligently failed to implement and enforce procedures needed to ensure the timely release of inmates.

147.     Defendants Jackson and Adger have breached their ministerial duties because they knew that Fulton County Jail inmates were being overdetained as a result of the GCIC system becoming inoperable at the Fulton County Jail, and they took no adequate action to stop these overdetentions.

148.     Defendants Jackson and Adger's failure to implement and enforce procedures needed to ensure the timely release of inmates, and their deliberate failure to ensure that Class Plaintiffs were released in a

timely manner, caused the overdetention and/or false imprisonment of Class Plaintiffs.

149.   "False imprisonment" under common law is the "...intent to confine, an act resulting in confinement, and the victim's awareness of confinement." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).

150.   Defendants Jackson and Adger's implementation and continued enforcement of procedures that required employees to depend on the operability of the GCIC system for every inmate prior to authorizing their release, and their deliberate failure to ensure that Class Plaintiffs were released in a timely manner, caused the overdetention and/or false imprisonment of Class Plaintiffs.

151.   As a result of the said deliberate acts and negligence of Defendants Jackson and Adger, Class Plaintiffs suffered the injuries described in this Complaint – loss of freedom, anxiety, and other general and special damages.

## Count II
## False Arrest and False Imprisonment (John Doe Defendants)

152.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

153.    At all times relevant hereto, John Doe Defendants were employees of the Fulton County Sheriff's Office, employed in the Fulton County Jail.

154.    John Doe Defendants include without limitation any Fulton County Sheriff's Office employee working within the Records or Release Department, were tasked with the responsibility of handling any function within the release procedures and/or GCIC terminal operation, at the Fulton County Jail in November 2014.

155.    John Doe Defendants are involved in the process of calculating release times and/or processing inmate releases at the Fulton County Jail.

156.    "A 'ministerial act' is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." Austin v. Clark, 294 Ga. 773, 773 (2014) (internal citation omitted).

157.    John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate when the basis for detention has expired.

158.    John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon tender and acceptance of bail and/or bond.

159.    John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon the Fulton County Jail's receipt of court order

indicating that the inmate is to be released on his or her own reconnaissance.

160.     John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon completion of the inmate's sentence.

161.     John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon receiving notice that the charges and/or prosecution of the inmate have been dismissed, a *nolle prosequi* order has been entered, or the inmate's indictment has been quashed.

162.     John Doe Defendants knew that Fulton County Jail inmates were being overdetained and/or falsely imprisoned as a result of the GCIC system becoming inoperable at the Fulton County Jail, and took no adequate action to stop these overdetentions.

163.     John Doe Defendants' failure to ensure the timely release of inmates, and their deliberate failure to ensure that Class Plaintiffs were released in a timely manner, caused the overdetention and/or false imprisonment of Class Plaintiffs.

164.     "False imprisonment" under common law is the "…intent to confine, an act resulting in confinement, and the victim's awareness of confinement." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).

165.     As a result of the said deliberate acts and negligence of John Doe Defendants, Class Plaintiffs suffered the injuries described in this Complaint – loss of freedom, anxiety, and other general and special damages.

### Count III
### 42 U.S.C. Section 1983 Claims for False Imprisonment / Overdetention in Violation of the U.S. Constitution (Defendants Jackson and Adger)

166.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

167.     At all times relevant hereto, Defendant Jackson was the Sheriff of Fulton County and official jailer of Fulton County and the Fulton County Jail.

168.     In his individual capacity as Sheriff of Fulton County and official jailer of Fulton County and the Fulton County Jail, Defendant Jackson is charged with ensuring the release of Fulton County Jail inmates upon receiving notice that an inmate was to be released.

169.     At all times relevant hereto, Defendant Adger was the Chief Jailer of the Fulton County Jail.

170.    In his individual capacity as Chief Jailer of the Fulton County Jail, Defendant Adger is charged with ensuring the release of Fulton County Jail inmates upon receiving notice that an inmate was to be released.

171.    Defendants Jackson and Adger have a duty under the U.S. Constitution to release a Fulton County Jail inmate when the basis for detention has expired.

172.    Defendants Jackson and Adger have a duty under the U.S. Constitution to release a Fulton County Jail inmate upon tender and acceptance of bail and/or bond.

173.    Defendants Jackson and Adger have a duty under the U.S. Constitution to release a Fulton County Jail inmate upon the Fulton County Jail's receipt of court order indicating that the inmate is to be released on his or her own reconnaissance.

174.    Defendants Jackson and Adger have a duty under the U.S. Constitution to release a Fulton County Jail inmate upon completion of the inmate's sentence.

175.    Defendants Jackson and Adger have a duty under the U.S. Constitution to release a Fulton County Jail inmate upon receiving notice that the charges and/or prosecution of the inmate have been

dismissed, a *nolle prosequi* order has been entered, or the inmate's indictment has been quashed.

176.    Defendants Jackson and Adger deliberately failed to implement and enforce procedures needed to ensure the timely release of inmates.

177.    It is the custom and practice at the jail, when a GCIC system failure might lead to overdetentions, that the Chief Jailer would inform the Sheriff of the potential overdetentions.

178.    It is the custom and practice at the jail that both the Sheriff and the Chief Jailer would have the authority to address the treatment of inmates when a GCIC system failure might lead to overdetentions.

179.    These jail customs and practices have been confirmed with former and current jail employees.

180.    Consistently with the jail's custom and practice, Defendants Jackson and Adger directly participated in the overdetention of Class Plaintiffs.

181.    Consistently with the jail's custom and practice, Defendant Jackson instructed the Chief Jailer and/or other subordinates to overdetain Class Plaintiffs.

182.    Consistently with the jail's custom and practice, Defendant Adger instructed subordinates to overdetain Class Plaintiffs.

183.    Defendants Jackson and Adger are therefore liable for direct participation in Class Plaintiffs' false imprisonment and overdetentions in violation of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

184.    As Sheriff of Fulton County Defendant Jackson has a supervisory role at the Fulton County Jail.

185.    Defendant Jackson supervises the Chief Jailer, who in turn supervises all jail employees.

186.    Likewise, as Chief Jailer, Defendant Adger has a supervisory role at the Fulton County Jail.

187.    In his supervisory capacity, Defendant Jackson's actions were causally connected to Class Plaintiffs' overdetentions.

188.    In his supervisory capacity, Defendant Adger's actions were causally connected to Class Plaintiffs' overdetentions.

189.    In November of 2014, Defendants Jackson and Adger were aware of previous GCIC system errors.

190.    In November of 2014, Defendants Jackson and Adger were aware that a GCIC system error could lead to the overdetention of an inmate.

191.    By November of 2014, aware of the GCIC system failures and aware that these failures could lead to overdetentions, Defendants

Jackson and Adger authorized their subordinates to overdetain inmates during CGIC system failures.

192.     By November of 2014, aware of the GCIC system failures and aware that these failures could lead to overdetentions, Defendants Jackson and Adger knew that subordinates would refuse to timely release inmates during GCIC failures, unlawfully, as they had done in the past.

193.     Aware that subordinates would refuse to timely release inmates during GCIC failures, Defendants Jackson and Adger did not act to stop their subordinates from overdetaining inmates.

194.     Defendants Jackson and Adger were put on notice of the widespread abuse related to overdetention through former lawsuits (including without limitation *Powell et al. v. Barrett et al.*, Northern District of Georgia, Civil Action Number 04-CV-01100-RWS and *Harper et al. v. Fulton County et al.*, Northern District of Georgia, Civil Action Number 04-CV-1416-MHS), consent orders, and audits of the GCIC system operability.

195.     Aware of the history of widespread abuse related to overdetentions, Defendants Jackson and Adger knew that they needed

to correct the practices leading to overdetentions but did not take any such action.

196.     Defendants Jackson and Adger are therefore liable for their supervisory roles in Class Plaintiffs' false imprisonment and overdetentions in violation of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

197.     Defendants Jackson and Adger subjected Class Plaintiff to false imprisonment in violation of Georgia law, and their conduct deprived Class Plaintiff of rights provided by the Fourteenth Amendment Due Process Clause of the U.S. Constitution.

198.     "False imprisonment" under common law is the "...intent to confine, an act resulting in confinement, and the victim's awareness of confinement." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).

199.     The Due Process Clause "...includes the 'right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" Campbell v. Johnson, 586 F.3d 835 (11th Cir., 2009)(internal citations omitted).

200.     Defendants Jackson and Adger's actions and pattern of inaction described herein directly, proximately, and affirmatively caused the

violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution suffered by Plaintiffs.

201.     Class Plaintiffs suffered the loss of freedom, anxiety, and other general and special damages as a result of these violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

**Count IV**
**42 U.S.C. Section 1983 Claims for False Imprisonment /**
**Overdetention in Violation of Due Process Clause of the U.S.**
**Constitution (John Doe Defendants)**

202.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

203.     At all times relevant hereto, John Doe Defendants were employees of the Fulton County Sheriff's Office, employed in the Fulton County Jail.

204.     John Doe Defendants include without limitation any Fulton County Sheriff's Office employee working within the Records or Release Department, were tasked with the responsibility of handling any function within the release procedures and/or GCIC terminal operation, at the Fulton County Jail in November 2014.

205.     John Doe Defendants are involved in the process of calculating release times and/or processing inmate releases at the Fulton County Jail.

41

206.    John Doe Defendants subjected Class Plaintiffs to false imprisonment in violation of Georgia law, and their conduct deprived Class Plaintiffs of rights provided by the Fourteenth Amendment Due Process Clause of the U.S. Constitution.

207.    "False imprisonment" under common law is the "…intent to confine, an act resulting in confinement, and the victim's awareness of confinement." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).

208.    The Due Process Clause "…includes the 'right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" Campbell v. Johnson, 586 F.3d 835 (11th Cir., 2009)(internal citations omitted).

209.    John Doe Defendants have a duty under the U.S. Constitution to release a Fulton County Jail inmate when the basis for detention has expired.

210.    John Doe Defendants have a duty under the U.S. Constitution to release a Fulton County Jail inmate upon tender and acceptance of bail and/or bond.

211.    John Doe Defendants have a duty under the U.S. Constitution to release a Fulton County Jail inmate upon the Fulton County Jail's

receipt of court order indicating that the inmate is to be released on his or her own reconnaissance.

212.    John Doe Defendants have a ministerial duty to release a Fulton County Jail inmate upon completion of the inmate's sentence.

213.    John Doe Defendants have a duty under the U.S. Constitution to release a Fulton County Jail inmate upon receiving notice that the charges and/or prosecution of the inmate have been dismissed, a *nolle prosequi* order has been entered, or the inmate's indictment has been quashed.

214.    John Doe Defendants knew that Fulton County Jail inmates were being overdetained as a result of the GCIC system becoming inoperable at the Fulton County Jail, and they took no action to stop this false imprisonment.

215.    John Doe Defendants' response to Class Plaintiffs' false imprisonment was the deliberate indifference of Class Plaintiffs' rights under the Fourteenth Amendment of the U.S. Constitution.

216.    John Doe Defendants had both actual and constructive knowledge that Class Plaintiffs were suffering constitutional injury by being overdetained and/or falsely imprisoned.

217.    John Doe Defendants engaged in a pattern of inaction in the face of overdetentions at the Fulton County Jail, such false imprisonment representing violations of inmates' rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

218.    John Doe Defendants' actions and pattern of inaction described herein directly, proximately, and affirmatively caused the violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution suffered by Class Plaintiffs.

219.    Class Plaintiffs suffered the loss of freedom, anxiety, and other general and special damages as a result of these violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

## **Prayer For Relief**

WHEREFORE, Named Plaintiffs pray that this Court issue the following relief:

1) That process issue in accordance with the law;

2) That the Court grant a jury trial on all claims so triable;

3) That the Court declare that this action may be maintained as a class action pursuant to O.C.G.A. § 9-11-23 and certifying Named Plaintiffs as the proper representatives of the class consisting of

44

each person who was overdetained at the Fulton County Jail in November of 2014;

4) Name Jessica Stern, Mark Begnaud, and Nathan Horsley as class counsel for all classes. All three attorneys are members of the bar of Georgia and are in good standing;

5) Award Class Plaintiffs compensatory and consequential damages in an amount to be determined;

6) Award attorney fees and costs of litigation in an amount to be determined;

7) Issue a permanent injunction to accomplish the following:

    a. Permanently enjoin Defendants from overdetaining any inmate;

    b. Enjoin Defendants to adopt and implement policies to ensure that inmates are not overdetained during GCIC outages;

8) Grant such other relief as the Court deems proper.

                      This 14th Day of October, 2016.

                      **HORSLEY BEGNAUD, LLC**

                      /s/ Mark Begnaud
                      Mark Begnaud
                      Georgia Bar No. 217641
                      mbegnaud@gacivilrights.com

Nathanael A. Horsley
Georgia Bar No. 367832
nhorsley@gacivilrights.com

750 Hammond Drive,
Building 12, Suite 300
Atlanta, Ga 30328
770-765-5559

**STERN LAW, LLC**

**/S/ JESSICA STERN** _____

Jessica Stern
Georgia Bar No. 107308
Jessica@sternlawfirm.us

1100 Spring Street, NW
Suite 460
Atlanta, GA 30309
404-990-4112
404-990-4936 (f)

## CERTIFICATE OF SERVICE

The undersigned attorney for Plaintiffs does hereby certify that he has this date served a copy of the within THIRD AMENDED CLASS ACTION COMPLAINT by electronic delivery via the Court's e-filing system per Ga. Unif. Super. Ct. R. 36.16 to the following recipient(s):

Kimberly A Alexander
kimberly.alexander@fultoncountyga.gov
John Duffoo
john.duffoo@fultoncountyga.gov
OFFICE OF FULTON COUNTY ATTORNEY
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303

This 14th day of October, 2016.

Respectfully submitted,

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
HORSLEY BEGNAUD, LLC
750 Hammond Drive
Building 12, Suite 300
Atlanta, Ga 30328
770-765-5559

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

     Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

     Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## **VERIFICATION**

STATE OF GEORGIA
**COUNTY OF FULTON**

     Personally appeared before the undersigned officer, TOMMIE DOUGLAS, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of her knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

     This 20 day of September, 2016.

          Tommie Douglas
          Tommie Douglas

Sworn to and subscribed before
me this 22 day of September, 2016.

Notary Public   My Commission Expires: January 31, 2020

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

    Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## VERIFICATION

STATE OF GEORGIA
**COUNTY OF FULTON**
    Personally appeared before the undersigned officer, DARRION TRIPP, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of his knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

    This 30 day of September, 2016.

          Darrion Tripp

Sworn to and subscribed before
me this 30 day of September, 2016.

Notary Public   My Commission Expires: January 31, 2020

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.

SHERIFF THEODORE JACKSON, et
al.

      Defendants.

CIVIL ACTION
FILE NO. <u>2015 CV 268206</u>

## <u>VERIFICATION</u>

STATE OF GEORGIA
**COUNTY OF FULTON**

      Personally appeared before the undersigned officer, OLUSEUN ADENIYI OSHINOWO, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of his knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

      This ___ *3* ___ day of ~~December~~October, 201~~6~~5.

                        _____
                        ~~CLIENT~~ OLUSEUN ADENIYI OSHINOWO

Sworn to and subscribed before *October*
me this *3* day of ~~November~~September, ~~2015~~2016.

Notary Public    My Commission Expires: January 31, 2020

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

       Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## VERIFICATION

STATE OF GEORGIA
**COUNTY OF FULTON**

       Personally appeared before the undersigned officer, BRIDGET MACHOVEC, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of her knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

       This __5__ day of October, 2016.

                            _Bridget Machovec_
                            Bridget Machovec

Sworn to and subscribed before
me this __5__ day of October, 2016.

_____
Notary Public   My Commission Expires: January 31, 2020

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

       Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## VERIFICATION

STATE OF GEORGIA
**COUNTY OF FULTON**

Personally appeared before the undersigned officer, DAEJA MITCHELL, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of her knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

This 5 th day of October, 2016.

Daeja Mitchell

Sworn to and subscribed before
me this 5 day of October, 2016.

Notary Public   My Commission Expires: January 31, 2020

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

     Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

     Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## **VERIFICATION**

STATE OF GEORGIA
**COUNTY OF FULTON**

     Personally appeared before the undersigned officer, STERLING PALMER, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of his knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

     This ___6___ day of October, 2016.

                        Sterling Palmer

Sworn to and subscribed before
me this ___6___ day of October, 2016.

_____
Notary Public   My Commission Expires: January 3, 2020

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

      Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## **VERIFICATION**

STATE OF GEORGIA
**COUNTY OF FULTON**

    Personally appeared before the undersigned officer, TWAN TRAMMELL, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of his knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

    This __6__ day of October, 2016.

                               _____
                                 Twan Trammell

Sworn to and subscribed before
me this __6__ day of October, 2016.

_____
Notary Public   My Commission Expires: January 31, 2020

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

      Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## **VERIFICATION**

STATE OF GEORGIA
**COUNTY OF FULTON**

      Personally appeared before the undersigned officer, JOSEPH SINGLETON, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of his knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

      This __10__ day of October, 2016.

                                _____
                                Joseph Singleton

Sworn to and subscribed before
me this __10__ day of October, 2016.

_____
Notary Public   My Commission Expires: January 31, 2020

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

     CIVIL ACTION
     FILE NO. 2015 CV 268206

     Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

     Defendants.

## **VERIFICATION**

STATE OF GEORGIA
**COUNTY OF FULTON**

     Personally appeared before the undersigned officer, DONNA WRIGHT, who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of her knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and sentence structure may be that of the attorney and does not necessarily purport to be the precise language of the executing party.

     This 12 day of October, 2016.

               Donna Wright

Sworn to and subscribed before
me this ___ day of October, 2016.

Notary Public   My Commission Expires: January 31, 2020

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

OSWALD THOMPSON, JR., et al.,
individually and on behalf of all
others similarly situated,

     Plaintiffs,

v.

SHERIFF THEODORE JACKSON,
et al.

     Defendants.

CIVIL ACTION
FILE NO. 2015 CV 268206

## VERIFICATION

STATE OF GEORGIA
**COUNTY OF FULTON**

    Personally appeared before the undersigned officer, Oswald Thompson, Jr., who, after first being duly sworn deposes and states that the information supplied in the foregoing COMPLAINT is true and correct to the best of his knowledge. However, it is not based solely on the knowledge of the executing party, but includes information obtained by and through his agents, representatives and attorneys. The word usage and precise language of the executing party.

    This _13th_ day of October, 2016.

_____
OSWALD THOMPSON, JR.

Sworn to and subscribed before
me this 13th day of October, 2016.

_____
Notary Public   My Commission Expires:
 January 31, 2020

